D/F

UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-------------------------------------------------------x

AUGUSTINE KUMIH-YEBOAH,

        Petitioner,

-against-

UNITED STATES OF AMERICA

        Respondent.
-------------------------------------------------------x

**MEMORANDUM AND ORDER**

09-CV-3795 (ARR)

**NOT FOR ELECTRONIC OR PRINT PUBLICATION**

**ROSS, United States District Judge:**

On August 31, 2009, *pro se* petitioner Augustine Kumih-Yeboah filed the instant motion arguing that he should be immediately removed from the United States pursuant to 8 U.S.C. § 1252(h)(2)(A), now codified at 8 U.S.C. § 1231(a)(4)(B). On April 6, 2009, a judgment against petitioner was filed based on an entered guilty plea to importation of heroin, wherein petitioner was sentenced to serve 28 months in prison. See USA v. Kumih-Yeboah, 08-cr-550 (ARR). For the reasons set forth below, the instant motion is denied.

## DISCUSSION

8 U.S.C.A. § 1231 provides in pertinent part that the Attorney General is authorized to remove an alien prior to the completion of a sentence of imprisonment:

> ...in the case of an alien in the custody of the Attorney General, if the Attorney General determines that (I) the alien is confined pursuant to a final conviction for a nonviolent offense ...and (II) the removal of the alien is appropriate and in the best interest of the United States...

8 U.S.C.A. § 1231(a)(4)(B)(i).

Thus, under 8 U.S.C. § 1231(a)(4)(B), the decision of whether or not to remove a non-violent offender prior to his completing a prison term is a "matter solely within the discretion of the Attorney General." Thye v. United States, 109 F.3d 127, 128 (2d Cir. 1997). Although Thye was based on the former codification of the statute (8 U.S.C. § 1252(h)(2)(A)), courts still apply the holding to claims such as the one petitioner asserts here. See Felix v. United States, 2005 WL 2088400 at *1 (S.D.N.Y. Aug. 29, 2005); Gil v. U.S., 2007 WL 2293442 (E.D.N.Y. Aug. 9, 2007).

Additionally, an individual may not attempt a private cause of action seeking to compel the Attorney General to exercise his discretion to remove an individual. 8 U.S.C. § 1231(a)(4)(D). See Duamutef v. INS, 386 F.3d 172, 182 (2d Cir. 2004) ("There is no private right to compel deportation prior to the completion of a sentence of incarceration." (internal quotations omitted)); Gil, 2007 WL 2293442 at *1.

## CONCLUSION

Accordingly, petitioner's motion seeking immediate removal from the United States is denied. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of an appeal. Coppedge v. United States, 369 U.S. 438, 444-45 (1962). The Clerk of the Court is directed to close this case.

SO ORDERED.

/S/
--------------------
ALLYNE R. ROSS
United States District Judge

Dated: Brooklyn, New York
       September 3, 2009

SERVICE LIST

**Pro Se Plaintiff**
Augustine Kumih-Yeboah
6A671-053
MVCC
555 1 Cornell Drive
Philipsburg, PA 16866